IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHARD MAESTAS,

        Petitioner,

vs.                                No. CV 18-01131 RB/SMV


RICARDO MARTINEZ, WARDEN,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Richard Maestas. (Doc. 1.) The Court dismisses the Petition under Rule 4 on the grounds that Maestas is not entitled to § 2254 relief.

I.      **Factual and Procedural Background**

Petitioner Richard Maestas was charged in state court on July 13, 2007, with multiple counts involving sexual crimes against minor children.[1] He entered into a Plea and Disposition Agreement on April 25, 2008, pleading guilty to one count of criminal sexual contact of a minor under 13 and one count of contributing to the delinquency of a minor. The state court entered Judgment against him as a habitual offender and imposed a partially suspended sentence. On July 21, 2008, the Court entered an Order of Probation.

---

[1] The Court has reviewed the official record in Maestas's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in State of New Mexico case no. D-905-CR-2007-00417. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand).

His probation officer filed Preliminary Probation Violations Reports on August 12, 2008, and October 1, 2008. The State of New Mexico filed a motion to revoke his probation on October 6, 2008. Following a trial, the Court entered an order partially revoking his probation on January 5, 2009. On June 29, 2009, his probation officer filed another report of probation violation, and the State moved to revoke probation a second time on July 7, 2009. The matter was dismissed on January 27, 2010, apparently due to a speedy trial violation.

On January 28, 2011, another report of probation violation was filed and the State moved to revoke probation on February 4, 2011, and again on March 23, 2011. Maestas entered into a plea agreement, and the court entered an order revoking his probation and remanding him to the custody of the Department of Corrections on April 25, 2011. (*See* Doc. 1 at 18.) The order revoking his probation stated: "Defendant admitted violation as outlined in the Parole Violation Report of February 28, 2011. . . . Defendant's probation shall be revoked for a term of one (1) year and he shall be remanded to the Department of Corrections to serve this sentence." (*Id.* at 19.) The State and the New Mexico Public Defender Department stipulated that Maestas's parole term was indeterminate at that time. The Court then entered an Amended Order on Parole Violation Report on July 31, 2013. (*Id.* at 18.)

Maestas filed a motion to clarify the Judgment on January 9, 2014, and a petition for writ of habeas corpus in state court on April 24, 2014. (*See id.* at 3.) He amended the habeas corpus petition on July 30, 2014. In his habeas corpus petition he contended the Parole Board had invaded the province of the court by extending his sentence. (*Id.*) The state court denied his motion and petition on April 7, 2016. (*Id.*) The state court's order also provided that:

> this Court does hereby order that the Petitioner serve an indeterminate period of supervised parole for a period of not less than five years and not in excess of twenty years. This Order shall serve to amend the Judgment and Sentence in this matter.

2

(*Id.* at 24.) The New Mexico Supreme Court denied certiorari on March 15, 2017. (*See id.* at 3, 20.)

Maestas then filed a second petition for writ of habeas corpus on May 15, 2018. (*Id.* at 23–24.) In his second petition, he argued that his sentence related to parole was illegal under New Mexico law. (*Id.* at 24.) The state court summarily denied and dismissed his second habeas corpus petition on July 10, 2018. (*See id.* at 5, 21.) The New Mexico Supreme Court again denied certiorari on September 10, 2018. (*See id.* at 5, 27.)

Maestas filed his § 2254 Petition in this Court on November 30, 2018. (Doc. 1.) In his Petition, he asserts four grounds for relief:

> Ground One: New Mexico Parole Board violated the May 7, 2008 Judgment and Sentence . . . .
> Ground Two: The original May 7, 2008 Judgment and Sentence was amended eight (8) years later on April 7, 2016. This altered the two (2) year parole sentence to impose a five (5) to twenty (20) year parole sentence. . . .
> Ground Three: The New Mexico Supreme Court wrongfully denied Petitioner's writ of certiorari . . . .
> Ground Four: Ineffective Assistance 1) Public Defender provided no argument in Amended Petition for Writ of Habeas Corpus, 2) Public Defender failed to challenge District Court's lack of jurisdiction by writ of habeas corpus before challenging through writ of certiorari.

(*Id.* at 4, 5, 7, 8, 10.) Maestas's prayer for relief asks the Court to "1) [r]estore the original Judgment and Sentence entered 2008 May 7 in its entirety, 2) release Petitioner from parole, and 3) release Petitioner from incarceration." (*Id.* at 15.)

## II.     The Law Governing § 2254 Claims

Maestas seeks federal habeas corpus relief. A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254. Section 2254 provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As amended by the

Antiterrorism and Effective Death Penalty Act (AEDPA), § 2254 sets limits on the power of a

federal court to grant an application for a writ of habeas corpus. If, as in this case, the application

includes a claim that has been adjudicated on the merits in state court proceedings, § 2254(d)

expressly limits federal court review. Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the
> claim:
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Under this standard, a federal habeas court "reviews the specific

reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v.

Sellers*, 138 S. Ct. 1188, 1192 (2018) (citations omitted). The standard is highly deferential to the

state court rulings and demands that the state court be given the benefit of the doubt. *Harrington

v. Richter*, 562 U.S. 86, 101 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam).

The standard is difficult for petitioners to meet in federal habeas proceedings under 28 U.S.C. §

2254. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the

Supreme Court of the United States" refers to the holdings of the Supreme Court's decisions as of

the time of the relevant state-court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Under

§ 2254(d)(1), a state-court decision is "contrary to" the Supreme Court's clearly established law if

it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if it

"confronts a set of facts that are materially indistinguishable from a decision of [the] Court and

nevertheless arrives at a result different from [that] precedent." *Williams*, 529 U.S. at 405–06. A

state court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

A state-court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Williams,* 529 U.S. at 407–08. A district court undertakes this objective unreasonableness inquiry in view of the specificity of the governing rule: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) (citation omitted). An unreasonable application of federal law is not the same as an incorrect application of federal law. *Williams*, 529 U.S. at 410. A federal court may not issue a habeas corpus writ simply because that court concludes the state-court decision applied clearly established federal law erroneously or incorrectly—the application must also be unreasonable. *Id.* at 411; *Harrington*, 562 U.S. at 98. The AEDPA authorizes issuance of a writ only in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with Supreme Court precedents. *Harrington*, 562 U.S. at 102.

Habeas corpus relief is only available where the petitioner contends his custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). The federal courts cannot grant habeas relief for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). If the state court did not follow its own rules, this error will not give rise to habeas relief unless failure to follow the rules also constituted a violation of due process guaranteed by the federal constitution. *See Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980); *Aycox v. Lytle*, 196 F.3d 1174, 1180 (10th Cir. 1999).

### III.    Maestas is Not Entitled to § 2254 Relief

Maestas is not entitled to habeas corpus relief in this case. First, nowhere in his Petition does Maestas claim that he is in custody in violation of the constitution or laws of the United States. Instead, Maestas contends that his sentence, including the parole term, was imposed without authority or jurisdiction under and contrary to New Mexico state law and procedure. (*See* Doc. 1 at 4, 5, 7, 8, 10.) Even if the state court's decisions on Maestas's two habeas corpus petitions constituted error under New Mexico law, this Court cannot grant § 2254 relief to correct any errors of state law. *Estelle*, 502 U.S. at 67. Maestas is not entitled to federal habeas corpus relief on his claims that the state court's decisions were erroneous under New Mexico law. *Hicks*, 447 U.S. at 346.

Second, even if Maestas did allege a violation of constitutional or federal law, the state court's decisions on his habeas corpus petitions are (1) not contrary to and do not involve an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States; and (2) do not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(1)–(2).

Maestas's first issue is that the New Mexico Parole Board violated the May 7, 2008 Judgment and Sentence. (Doc. 1 at 5.) He alleges that when his probation was revoked on April 11, 2011, he was given a 5 to 20-year parole term. The Parole Board refused to uphold his original Judgment and Sentence of two years parole and refused to release him unless he signed a certification of parole indicating he would serve a 5 to 20-year parole sentence. (*See id.*) In summarily dismissing his first and second state habeas petition, the state court noted that his original April 25, 2008 Judgment and Sentence stated: "If [petitioner] is imprisoned at any time

pursuant to the above conviction, he shall be released under parole supervision for a period of two (2) years on count 1 and a term of one (1) year on count 4." (*See id.* at 21–22.) The court noted that Maestas had been brought back before the judge on numerous occasions to address probation violations. At the hearing on April 11, 2011, he admitted the violations, his probation was revoked, he was sentenced to incarceration, and he was remanded to the Department of Corrections. At the time, the State of New Mexico and the state public defender stipulated that his parole term was undetermined. (*Id.* at 22.) In its April 27, 2016 order, the state court amended the Judgment and Sentence to address the correct term of parole under New Mexico law. (*Id.* at 23–24.) The amended Judgment provided for a 5 to 20-year term of supervised parole. (*Id.* at 24.) In the habeas corpus proceeding, the Court ordered briefing on the issue of the court's ability to modify the parole terms under New Mexico law and especially with respect to *State v. Torres*, 272 P.3d 689 (N.M. Ct. App. 2012). (Doc. 1 at 23.) The court concluded that no fundamental error had occurred and Maestas's sentence related to parole was proper under New Mexico law. (*Id.* at 24–25.)

The state court's ruling on Maestas' first issue is not contrary to, and does not involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See Williams*, 529 U.S. at 405–06. Neither the state court's reasoning nor the court's result contradicts established federal law as increased penalties for probation or parole do not necessarily violate the United States Constitution. *See, e.g.*, *United States v. Difrancesco,* 449 U.S. 117, 137–41 (1980); *see also United States v. Kusk,* 573 F. 3d 25 (10th Cir. 1978). Maestas is not entitled to habeas corpus relief on his first parole claim.

Maestas's second issue is that the original May 7, 2008 Judgment and Sentence was amended eight years later and altered the two-year parole sentence to impose a 5 to 20-year parole sentence. (Doc. 1 at 7.) As the state court concluded, the second issue is essentially identical to the

first issue (*see id.* at 23–24), and Maestas similarly is not entitled to habeas corpus relief on the second parole issue. *See Williams*, 529 U.S. at 405–06.

Third, Maestas contends that the New Mexico Supreme Court wrongfully denied his writ of certiorari. (Doc. 1 at 8.) He alleges that the state supreme court declined review on the grounds that his petition was repetitive, excessive, and presented similar or identical arguments that had previously been addressed by the court. (*See id.*) Under New Mexico's rules, repetitive issues presented in second or successive habeas corpus petitions must be dismissed. Rule 5-802(1) NMRA. The New Mexico Supreme Court's denial of certiorari review, therefore, was proper under New Mexico's procedural rules. The denial of certiorari to review Maestas's filings on procedural grounds is consistent with federal law on the same issue. By statute, a federal court similarly must dismiss a habeas corpus petition raising the same or similar issues as those presented in a prior filing. *See* 28 U.S.C. § 2244(b). The New Mexico Supreme Court's decision is not contrary to or an unreasonable application of clearly established Federal law, and did not involve an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2).

Further, regardless of whether there were any deficiencies in his state habeas corpus proceeding, error in that proceeding is not cognizable in a § 2254 case. Maestas challenges the propriety of denial of certiorari in the state post-conviction proceeding, not the constitutionality of his conviction. Where the claimed error focuses on the state's post-conviction remedy and not the judgment that provides the basis for incarceration, it fails to state a habeas corpus claim under § 2254. *See Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998).  The New Mexico Supreme Court's denial of certiorari does not provide any basis for habeas corpus relief.

Maestas's last claim relates to alleged ineffective assistance of his Public Defender counsel. He claims the Public Defender (1) provided no argument in the Amended Petition for Writ of Habeas Corpus, and (2) failed to challenge the stat court's lack of jurisdiction by writ of habeas corpus before challenging through writ of certiorari. (Doc. 1 at 10.) In summarily dismissing Maestas's second state habeas corpus petition, the state court noted that under New Mexico procedure, the Public Defender is required to advise the Court as to whether the habeas corpus petition is one that a reasonable person would undertake at his own expense. (*See id.* at 24–25.) The Public Defender determined that Maestas's second petition did not meet that criteria. The Public Defender specifically pointed to Rule 5-802(1) of the New Mexico Rules Annotated dealing with second or successive habeas corpus petitions and noted that the Rule requires dismissal of second or successive petitions that raise the same or similar issues previously presented to the Court. (*Id.*)

In order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington*, 562 U.S. at 112.

Although Maestas generally alleges that his counsel did not make arguments or made them at a different procedural point in the proceedings, his allegations do not show that counsel's representation fell below any objective standard of reasonableness. *See Strickland*, 466 U.S. at

688.  Nor does he state any factual claim that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. The record does not reflect that, in complying with duties to the Court under New Mexico's rules of procedure, counsel's actions prejudiced Maestas's defense. Neither the allegations of the Petition nor the state court record establish ineffective assistance of counsel in this case. *See Harrington*, 562 U.S. at 112.

Under Rule 11 of the Rules Governing Section 2254 Cases, because Maestas has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED:**

**(1)** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Richard Maestas (Doc. 1) is **DISMISSED** on the grounds that Petitioner is not entitled to § 2254 relief; and

**(2)** a certificate of appealability is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE